Blackington agt. Goldsmith.

The doctrine of estoppel cannot aid the plaintiffs. They bought from and paid Walduck for the horses in question, before they called on the defendant in regard to the same, so that the defendant did nothing to mislead them into the purchase, and cannot, therefore, be estopped from asserting his lien. The plaintiffs could have protected themselves by calling on the defendant before they paid Walduck for the horses, and ascertaining if he had any lien or claim for their keep and board, for they concede that they knew where the horses were stabled; under the circumstances a prudent person would have done so.

We are of the opinion that the direction of a verdict by the court in favor of the plaintiffs was error. It follows, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellant, to abide the event.

## SUPREME COURT.

### W. and S. BLACKINGTON agt. ADOLPH GOLDSMITH.

*General assignment — Attachment — Facts which do not warrant an attachment.*

The fact that in an assignment no provision is made for the preference for the wages or salaries owing to employees may invalidate the assignment, yet merely because an assignment is void upon its face affords no reason for the issuance of an attachment.

The fact that the assignee does not actually reside in the state does not of itself furnish proof of fraudulent intent.

*Special Term, January,* 1886.

AFTER Adolph Goldsmith had made an assignment for the benefit of creditors, W. and S. Blackington secured an attachment in a suit against him for $2,300, on the ground that the assignment was void. Motion is now made to vacate the attachment.

*James A. Hudson,* for motion.

*Mr. Goodhart,* opposed.

VAN BRUNT, *J.*—The fact that in the assignment no provision is made for the preference for the wages' or salaries owing to employees may invalidate the assignment, but merely because the assignment is void upon its face affords no reason for the issuance of an attachment (*Milliken* agt. *Dart,* 26 *Hun,* 24). The fact that the assignee does not actually reside in the state does not of itself furnish proof of fraudulent intent. The preference of the notes mentioned in the moving papers does not render the assignment void upon its face. A liability may exist because of those notes, and until it is shown that no liability does in fact exist, no fraud can be assumed.